The CITY OF BOULDER, a Colorado municipal corporation, Appellant,

v.

Eleanor B. SNYDER, Paul D. Huntley, and Eileen Huntley, Appellees.

No. 9425.

United States Court of Appeals
Tenth Circuit.

July 3, 1968.

Rehearing Denied Sept. 6, 1968.

---

3. "You understand that there can be unavoidable accidents. That happens."

Bryan Morgan, Asst. City Atty., (Peter C. Dietze, City Atty., on the brief), for appellant.

James H. Snyder, Denver, Colo. (Anthony F. Zarlengo, Denver, Colo., on the brief), for appellees.

Before JONES *, LEWIS and BREITENSTEIN, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

The City of Boulder, Colorado, appeals from judgments rendered against it in favor of plaintiff-appellee Snyder and intervenors Huntley by the United States District Court for the District of Colorado after trial to the court. The judgments entered were for $1,500 in favor of plaintiff and $2,000 in favor of the intervenors. Appellant asserts, among other things, that at the conclusion of the trial the court should have dismissed the action for lack of jurisdiction springing from each appellee's failure to meet the amount-in-controversy requirement of 28 U.S.C. § 1331. We hold that the trial court erred in not so doing.

This suit was filed in 1962, plaintiff alleging damages of $25,000 for the wrongful taking of certain water rights by the City of Boulder and another defendant, The Silver Lake Ditch Company,[1] caused by a street-paving project in front of her residence in the spring of 1956 which resulted in the destruction of a very small ditch lateral abutting and serving her property as a facility of the Ditch Company. The intervenors were similarly situated, living on the same street and being served by the same ditch. They adopted the plaintiff's complaint and alleged the same damages. Federal jurisdiction was asserted to exist under the Fourteenth Amendment and the required amount in controversy. The complaint made no reference to any statute as a foundation for federal jurisdiction.

By preliminary motion to dismiss appellant asserted a lack of federal jurisdiction claiming "there can be no reasonable expectation on part of plaintiff of recovering the jurisdictional amount. * * *" In apparent reliance upon the allegations of the complaint, this motion was denied and the cause proceeded to trial. The trial judge,[2] basing his judgment upon the existence of a federal question, 28 U.S.C. § 1331, was acutely aware of the plaintiff's failure to meet the jurisdictional amount and in the following statement given when the judgment was announced imposed a partial sanction:

"I think that the plaintiff has come so far from proving damages, actually, that should have given this Court jurisdiction. This Court has jurisdiction in cases involving Federal questions or Federal constitutional questions where the amount in controversy exceeds $10,000.00. This action, or the proof in this action, although the allegation is sufficient to give this Court jurisdiction, the proof is so far below it I am not going to award costs to the plaintiff. Each party will stand its own costs."

---

* Of the Fifth Circuit, sitting by designation.

1. This defendant was subsequently dismissed without prejudice and is not a party to this appeal.

2. Judge Langley of the Eastern District of Oklahoma sitting in Colorado by assignment for the trial only.

The denial of costs under authority of 28 U.S.C. § 1331(b) is an appropriate and adequate remedy in certain instances but when, as here, a failure of proof of damage is so complete as to dictate the conclusion that resort to federal jurisdiction has been abused the proper disposition of the suit is dismissal.

■ Jurisdiction under 28 U.S.C. § 1331 is improperly founded whenever it appears as a "legal certainty" that less than $10,000 is at issue in the controversy. St. Paul Indem. Co. v. Cab Co., 303 U.S. 283; F & S Constr. Co. v. Jensen, 10 Cir., 337 F.2d 160. Under these cases a plaintiff's good faith in choosing the federal forum is vulnerable at any time during trial as well as prior thereto, and if it appears that a plaintiff never was entitled to recover the jurisdictional amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit must be dismissed. The actual amount recovered is not determinative of the issue and is relevant only if it is probative thereof.

■ In the case at bar the trial judge properly ruled that the destruction of the ditch lateral and accompanying water rights was a partial taking and that the proper measure of damages was the reduction in market value of the properties precipitated thereby. There was no showing of special circumstances which would make this basic rule incapable of producing an equitable and just result. See for comparison, Big Five Mining Co. v. Left Hand Ditch Co., 73 Colo. 545, 216 P. 719, cited with approval in Freel v. Ozark-Mahoning Co., D. Colo., 208 F.Supp. 93. Evidence relative to other items such as value of easements, loss of enjoyment, damage to trees and shrubs on the properties, etc. was properly excluded. The assertion that the claimants were entitled to recover the value of the lost water, plus the diminution in the value of the land serviced by the water, plus the value of all of the easements carrying the water to the properties, plus the damage to trees and shrubs on the properties, plus the loss of enjoyment in use of the water, plus personal injuries suffered from invasion of their rights, is simply untenable. Such a disposition would involve multiple recovery for the same loss and would be clearly contrary to the just and equitable result sought by all.

■ The proper measure of damages for the unlawful taking of property is a matter of law; the amount of damages is a matter of fact to be determined by the factfinder within the confines of the evidence material and competent to probe the issue. Here, six witnesses, including plaintiff and the intervenors, testified for the claimants. Plaintiff testified that her land was worth $15,500 before the taking of her water, $13,500 after such taking. All other witnesses gave opinions that placed her damage at a lower amount. The highest opinion as to damage suffered by intervenors was the sum of $3,000. It was thus a "legal certainty" that plaintiff and intervenors could not, and under their own evidence never could, recover the amount requisite to support federal jurisdiction under 28 U.S.C. § 1331.

Although the judgment of the district court was clearly premised on the existence of a federal question and appellees do not now question the court's application of section 1331(b) in denying recovery of costs to them, a contention is now made that jurisdiction is also present under 28 U.S.C. § 1343(3).[3] We find no merit to this contention.

3. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

    *    *    *    *    *

    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

It is true that the cited section provides a federal forum for enforcement of Fourteenth Amendment rights, Hackin v. Lockwood, 9 Cir., 361 F.2d 499, cert. denied, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305, and that in applicable cases the district courts have jurisdiction without regard to the amount in controversy. Howard v. Higgins, 10 Cir., 379 F.2d 227. But the section pertains to deprivation of civil rights and cannot be employed in conjunction with the remedial provisions therefor, 42 U.S.C. § 1981 et seq., against municipalities, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and does not "embrace as a civil right the deprivation of a mere property right as in this case." Howard v. Higgins, 10 Cir., 379 F.2d 227.

The judgment is reversed and the case remanded with instructions to dismiss the action for lack of jurisdiction.