The **SALVATION ARMY, a Georgia corporation, Plaintiff,**

v.

**Thomas J. MORRIS, Kathryne Morris Leverett, Gertrude Morris Hudspeth, Daisy Morris Moore Duvall, and Ruth Morris Zelief Dunkin, Individual Defendants, and Phillips Petroleum Co., Mobil Oil Corporation, the British-American Oil Producing Company, P. G. Lake, Inc., Sinclair Oil and Gas Company, Cities Service Oil Company, and Mid-American Oil Company, Corporate Defendants.**

**Civ. No. 68–86.**

United States District Court
W. D. Oklahoma.
Sept. 30, 1968.

A. P. Murrah, Jr., of Mosteller, Andrews & Mosburg, Oklahoma City, Okl., for plaintiff.

C. Harold Thweatt, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendants Leverett, Hudspeth, Duvall and Zelief.

R. C. Jopling, Jr., of Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Okl., for defendant P. G. Lake, Inc.

John C. Lovett, Bartlesville, Okl., for defendant Cities Service Oil Co.

S. M. Groom, Jr., Oklahoma City, Okl., for defendant Mobil Oil Corp.

Derrill Cody, Tulsa, Okl., for defendant Sinclair Oil and Gas Co.

Galen E. Ward, Oklahoma City, Okl., for defendant Phillips Petroleum Co.

John W. Stewart and James B. Diggs, Oklahoma City, Okl., for defendants The British-American Oil Producing Co. and Mid-American Oil Co.

## ORDER

DAUGHERTY, District Judge.

Under a will executed in 1937 by J. W. Morris, Defendant Thomas J. Morris inherited the bulk of Testator's property, taking same as residuary legatee. The other individual Defendants, as legatees, were cut off with $1.00 each. As some of the property devised by this will involves mineral interests from which royalties are earned, the corporate Defendants appear herein as stakeholders.

In 1939, J. W. Morris executed a codicil to the 1937 will in which he provided:

"And any or all of them who attempts to contest the terms of my last will or of this Codicil, then and in that event the said heirs or legatees who shall attempt to do so shall receive and take nothing by reason of my last will and testament and this Codicil and in that event their shares are hereby bequeathed to the Salvation Army. It being my desire to have peace and harmony prevail throughout the settling and handling of my estate."

Testator's desire was foredoomed to frustration. When he died in 1958, Defendant Thomas J. Morris was appointed executor of the will. The other individual Defendants claimed that the Testator had executed a will subsequent to the 1937 will and 1939 codicil, according to which they were to divide the estate equally. However, the will has never been found or produced. In the face of this claim, Thomas J. Morris orally agreed with the other individual Defendants that if they would not contest the 1937 will and 1939 codicil, he would divide the estate with them after that will had been probated and the estate closed.

There was no contest and the estate was closed. However, Thomas J. Morris reneged on this oral agreement and the other individual Defendants brought suit against him and succeeded in imposing a constructive trust on the properties he inherited by virtue of this parol agreement. This proceeding is reported sub nom. Morris v. Leverett, 434 P.2d 912 (Okl.1967).

Plaintiff alleges that this agreement among the individual Defendants amounts to a conspiracy to thwart the intent of the Testator, to perpetrate a fraud on the probate court, and to prevent the Plaintiff from acquiring and protecting its interest in the estate under the codicil. Plaintiff was not a party to the probate proceedings and had no notice thereof. Alternatively to the conspiracy count, Plaintiff alleges that Thomas J. Morris as executor held title to the estate in trust for the beneficiaries of the 1937 will and 1939 codicil, and that his agreement with the other Defendants amounts to a breach of said trust, by virtue of which all of the individual Defendants should now be required to hold the property for the benefit of Plaintiff. Plaintiff seeks a conveyance of the property to it, an accounting of income arising therefrom, and a quieting of title in Plaintiff.

Defendant P. G. Lake, Inc., has moved for judgment on the pleadings. Both Plaintiff and the individual Defendants have moved for summary judgment, except Defendant Thomas J. Morris, who has neither pleaded nor answered. The bases of the individual Defendants' Motion are that there was no contest of the will, that the settlement between the Defendants did not amount to a contest, that had there been a contest, Plaintiff would have taken only the $1.00 share of the contesting party, and that the probate decree is an in rem judgment binding on the Plaintiff.

Plaintiff accepts Defendants' contention that the case can be disposed of by summary judgment and opposes Defendants' Motion for Summary Judg-

ment on the grounds that the probate decree is not binding on it because it was not notified as required by statute,[1] the judgment was obtained by the extrinsic fraud of the individual Defendants, and the agreement of the individual Defendants amounts to a contest of the will in that it thwarted the Testator's intent to have the property distributed to the Plaintiff should his heirs attempt to avoid the terms of the codicil.

The individual Defendants oppose Plaintiff's Motion for Summary Judgment stating that the settlement of estates is favored in law and this agreement was not illegal or against public policy, nor was it a conspiracy to defraud Plaintiff, that the agreement does not constitute in law a contest of the will, that forfeiture provisions of wills are to be strictly construed, and that this action is a collateral attack on the probate proceedings which are binding on Plaintiff.

 The parties have failed to raise, or have avoided raising, the jurisdiction of this Court to render a judgment which would overturn or modify the decree of the Murray County Court. A federal court is without power and has no jurisdiction to overturn, modify, vacate, or set aside the judgment of a state court which is fully executed. Folk v. Monsell, 71 F.2d 816 (10 Cir. 1934); Gorman v. Shaffer Oil & Refining Co., 74 F.2d 610 (10 Cir. 1934), cert. den. 295 U.S. 739, 55 S.Ct. 654, 79 L.Ed. 1686. This is true even though the judgment may have been obtained by fraud. Manary v. Manary, 151 F. Supp. 446 (D.C.Cal. 1957). Unless plainly void, the judgment is not subject to collateral attack in the federal courts but must be reviewed in the state court from whence it came. Harrold v. First

National Bank of Fort Worth, 93 F. Supp. 882 (D.C.Tex. 1950). What the court said in the last cited case merits repeating here:

" * * * the probate system of a State in settling the subjects of probate cognizance can become pertinent objectively at times in testing Federal jurisdiction. This is true for the reason that matters fairly of probate nature are outside the general equity powers of the Federal courts. * * * in dealing with the question of federal jurisdiction over suits which have some impact upon probate proceedings in a state court a line must be drawn between cases which will not and those which will interfere with the exercise of the probate powers and orderly proceedings in the state court." 93 F.Supp. at pp. 886–888.

██ In Oklahoma, the County Court is the probate court. Its jurisdiction is general and exclusive with respect to probate matters. Title 58, Oklahoma Statutes, § 1; Blue v. Murray, 260 P.2d 1069 (Okl. 1953). This same statute confers on the County Court the power to distribute the decedent's estate. Thus, the question of whether the estate has been properly distributed is a peculiarly probate matter, subject only to modification on appeal. Title 58, Oklahoma Statutes, Sections 631 and 632. It follows that for this Court to grant Plaintiff's request herein and convey the properties of the estate would be an unwarranted interference with the exclusive powers of the state probate court.

██ It is true that in appropriate circumstances, a federal court has power to prevent one who has obtained a judgment in a state court by fraud from

1. Title 58, Oklahoma Statutes, § 26 provides:

"*Heirs, legatees, devisees and executors to be given notice by mail.* Written or printed copies of the notice of the time appointed for the probate of the will, must be addressed to the heirs, legatees and devisees of the testator, at their places of residence, if known to the petitioner, and deposited in the postoffice, with the postage thereon prepaid by the petitioner, at least ten days before the hearing; the notice must be issued by the judge over the seal of the court. * * *"

enjoying the fruits of such judgment. Moffett v. Robbins, 81 F.2d 431 (10 Cir. 1936), cert. den. 298 U.S. 675, 56 S.Ct. 940, 80 L.Ed. 1397; Murrell v. Stock Grower's Nat. Bank of Cheyenne, 74 F.2d 827 (10 Cir. 1934); United States v. Mashunkashey, 72 F.2d 847 (10 Cir. 1934), cert. den. 294 U.S. 724, 55 S.Ct. 551, 79 L.Ed. 1255. Such relief, however, is inappropriate where it will interfere with the administration of the estate. Looney v. Capital National Bank of Austin, Texas, 235 F.2d 436 (5 Cir. 1956); Harrold v. First National Bank of Fort Worth, supra, and, where the judgment has been fully executed. Folk v. Monsell, supra.

■ The relief which Plaintiff here seeks is a conveyance of the estate properties from the Defendants to it. This property was distributed by the probate court judgment. This distribution has not been disturbed by Morris v. Leverett, supra, because the decision in that case merely enforced a parol agreement of settlement of the estate among the heirs. That agreement was a matter entirely apart from the administration of the estate. The validity of the probate judgment was not affected. Plaintiff's rights, if any, arise directly from the will and the manner in which the distribution was affected by the probate judgment and decree. In this proceeding, Plaintiff is asking the Court to take the same property disposed of by the probate court and dispose of it in another way. The Court has no power to do this. Folk v. Monsell, supra.

■ This suit was filed under the jurisdictional provisions of 28 U.S.C. § 1332. However, formal allegations of jurisdiction must yield to the substance of the suit. T. B. Harms Co. v. Eliscu, 226 F.Supp. 337 (D.C.N.Y. 1964), aff'd 339 F.2d 823, cert. den. 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435. The Court is under the affirmative duty at all times to satisfy itself that it has jurisdiction of the case before it. If there is no jurisdiction of the subject matter, it must dismiss. Liguori v. United States, 246 F.Supp. 530 (D.C. N.Y. 1965); O'Keefe v. New York City Board of Elections, 246 F.Supp. 978 (D.C.N.Y. 1965).

■ In addition to lack of jurisdiction to entertain this matter for the reasons and authority above set out, it appears that the Court may lack jurisdiction herein for failure to have involved the jurisdictional amount necessary under Title 28, United States Code, § 1332. In this connection, no attack is made on the validity of the will and codicil by reason of improper execution or lack of testamentary capacity on the part of the Testator or for any other reason. In fact, Plaintiff not only makes no attack on the will and codicil, but relies upon the provisions of the codicil for the requested relief herein. Thus, the validity of the will and codicil is not in issue. If Plaintiff is to take under the codicil by virtue of an alleged contest of the will, either overt or covert, Plaintiff will only take the share of those contesting the will according to the terms of the codicil. This would amount to only a few dollars inasmuch as it would appear illogical for the residuary legatee, who was entitled to practically all of the estate under the will, to be considered as having contested the will and thereby forfeited his right to the estate. The fact of the parol agreement between the heirs demonstrates a desire on the part of the residuary legatee to avoid a contest of the will by anyone. The value of any property due the Plaintiff under the will and codicil upon establishment of a contest of the will would then appear as a "legal certainty" to involve an amount considerably less than the required jurisdictional amount of $10,000.00. City of Boulder v. Snyder, 396 F.2d 853 (10 Cir. 1968).

Under these circumstances, the Court will not grant either Plaintiff's or Defendants' Motions for Summary Judgment or the Motion for Judgment on the Pleadings, but rather will dismiss this action sua sponte without prejudice for lack of jurisdiction to entertain the same

and without any adjudication as to the merits of the parties' claims.

Plaintiff's and Defendants' Motions for Summary Judgment and for Judgment on the Pleadings are denied, and this action is dismissed without prejudice for lack of jurisdiction to entertain the same.