**Joe RENFROE, Plaintiff,**

**v.**

**PREFERRED RISK MUTUAL INSUR-
ANCE COMPANY, a foreign corpora-
tion doing business in the State of Okla-
homa, Defendant.**

**Civ. No. 68–C–190.**

United States District Court
N. D. Oklahoma.

Feb. 28, 1969.

John W. Young and L. G. Hawkins,
Sapulpa, Okl., for plaintiff.

Alfred B. Knight, Tulsa, Okl., for de-
fendant.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

The Court has under consideration
Plaintiff's Motion to Remand this case,
which was removed by Defendant from
the District Court of Creek County, Ok-
lahoma, to this Court pursuant to 28
U.S.C.A. § 1441(a). Plaintiff's Com-
plaint alleges three causes of action.
The first is for $3,400, the alleged value
of an automobile insured by the Defend-
ant which was wrecked. The second
cause of action is for the loss of use of
said automobile in the amount of $700.
The third cause of action is a claim for
$10,000, for Defendant's alleged willful
refusal in bad faith to pay the insured's
claims set out above.[1]

1. The Complaint's Third Cause of Ac-
tion reads: "That as a result of the
said accident and said refusal of the
defendant to fulfill its contractual ob-
ligation with full knowledge of the du-
ties imposed upon it by the State to pro-
tect the public, this plaintiff has been a
victim of a classic example of delib-
erate and wilful [sic] bad faith exer-
ercised by the defendant insurance com-

pany, all of which is a concerted effort
by insurance company to save money, de-
ny plaintiff his contractual rights; all
of which resulted in open and notorious
defiance of the insurance code law, case
law, and the expressive intent of the
Oklahoma Legislature.

That as a result of the aforementioned
[sic] conduct of the defendant, that
plaintiff has been deprived of his contrac-

Plaintiff's ground for remanding the case is that the amount of damages asked for by him is uncertain and fails to meet the jurisdictional requirements of 28 U.S.C.A. § 1332 with respect to the amount in controversy. The matter has been discussed with counsel at a pretrial conference and the question has been briefed by both sides.

■ The test the Court must apply in determining whether the jurisdictional amount requirement of 28 U.S.C.A. § 1332 is present in this case is whether, under settled state law, the Plaintiff's claims are not recoverable in an amount in excess of $10,000 to a legal certainty. City of Boulder v. Snyder, 396 F.2d 853 (Tenth Cir. 1968).

There are no statutes in Oklahoma relating to an insurance company's bad faith refusal to pay an insured's claim. There are such statutes in other jurisdictions.[2] 23 Okl.St.Ann. § 96 does provide:

*"Limitation of amount of damages*

Notwithstanding the provisions of this chapter, no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides, except in cases where recovery may be for exemplary damages and penal damages, and in Sections 2871 [23 Okl.St.Ann. § 40] and 2878 [23 Okl.St.Ann. § 67]."

Exemplary damages are only recoverable in actions independent of contract, as provided by 23 Okl.St.Ann. § 9:

*"Jury may give exemplary damages, when*

In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

The Statutes of Oklahoma further provide in 23 Okl.St.Ann. § 22:

*"Breach of obligation to pay money*

The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

■ Under the statutory rules of damages, only compensation for Plaintiff's loss may be awarded. This compensation is statutorily limited herein to the amount he would have received by full performance of the insurance contract. No penalty provision is pointed to in the insurance contract, no penalty statute is relied upon. If the insurer has a duty to pay Plaintiff's loss under the insurance contract, it is an obligation to pay money only and the damages recoverable are the amount due by the terms of the insurer's obligation, with interest. See Groendyke Transport, Inc. v. Merchant, 380 P.2d 682 (Okl. 1963); Beam v. Green, 208 Okl. 10, 252 P.2d 444 (1953); Phoenix Ins. Co. Hartford, Conn. v. Diffie, 270 P.2d 634 (Okl. 1954).

■ It appears to a legal certainty that the damages sought in Plaintiff's third cause of action are not recoverable under the settled law of Oklahoma. The Court, therefore, lacks jurisdiction of Plaintiff's removed action in that a recoverable amount in excess of $10,000 is not involved in this controversy.

Plaintiff's Motion to Remand is granted and this action is remanded to the State Court from which it was improvidently removed. The Clerk will take the necessary action to remand the case.

tual rights, use of automobile, and forced to retain attorneys to secure his rightful claim, all of which is to his damage in the amount of $10,000, in addition to having to hire attorneys."

2. See 46 C.J.S. Insurance §§ 1406–1408, where the jurisdictions having such statutes are listed and discussed.