Nedra PAYNE, an Individual, Plaintiff,

v.

VOLKSWAGON [sic] OF AMERICA, INC., a corporation, and Nicholas Motors, Inc., d/b/a Art Nicholas Volkswagon, [sic] a corporation, Defendants.

Civ. No. 75–0881.

United States District Court, W. D. Oklahoma.

Feb. 23, 1976.

S. Richard Farber, Oklahoma City, Okl., for plaintiff.

Bob Rabon, Hugo, Okl., for defendant Nicholas Motors, Inc.

Larry D. Ottaway, Oklahoma City, Okl. for defendant Volkswagen of America.

ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

This action arises from the purchase of a 1975 Volkswagen automobile by Plaintiff from Defendant Nicholas Motors on March 1, 1975. Defendant Volkswagon [sic] of America is alleged to be the designer, manufacturer and distributor of said vehicle. Plaintiff alleges the automobile is defective in many respects and seeks rescission of the contract and recovery of price paid ($4,062.35) against both Defendants. She also seeks punitive damages in the amount of $10,000.00 against Defendant

Nicholas Motors based on alleged misrepresentations about the condition of the automobile at the time it was purchased. The Complaint is not clear whether punitive damages are sought against Defendant Volkswagon [sic] of America. Subject matter jurisdiction is alleged to exist[1] pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy in excess of $10,000.

Defendant Volkswagon [sic] of America has filed a Motion to Dismiss supported by a Brief for lack of subject matter jurisdiction based on an insufficient amount in controversy as to said Defendant. It asserts that the Plaintiff only seeks to recover against Movant for the allegedly defective product and can have no claim for punitive damages against Movant. Movant further states the alleged punitive damage claim against its Co-Defendant is insufficient to establish the required jurisdictional amount as to Movant.

Plaintiff has filed her Response to the instant Motion which is supported by a Brief. An examination of same discloses that she admits she does not claim punitive damages against Movant. Plaintiff contends that her claims against Volkswagen of America and Nicholas Motors are closely related and arise for the most part out of the same operative facts. She urges that the Court should apply the ancillary jurisdiction concept and hear the insufficient claim. She urges it would be inequitable to force her to sue the Defendants in separate claims under the circumstances.

An examination of the Complaint (improperly designated as Petition) discloses that Plaintiff's claims against Defendant Volkswagen of America are based only on alleged defects in the vehicle when manufactured or distributed under counts of negligence in manufacture and design, breach of warranty, or possibly under the doctrine known in Oklahoma law as manufacturer's products liability.[2] The claims against Defendant Nicholas Motors are that said Defendant negligently inspected the automobile after it came into its possession and further that it made misrepresentations to Plaintiff at the time of sale that the automobile was in its original state which in fact it knew was not true. The claimed punitive damages asserted against Defendant Nicholas Motors are based only on this latter theory. Plaintiff apparently also proceeds against Defendant Nicholas Motors in breach of warranty or under the doctrine of manufacturer's products liability. Only these latter theories asserted against Defendant Nicholas Motors appear to arise out of the same operative facts as the claims against Defendant Volkswagen of America. The theory upon which punitive damages are sought against Defendant Nicholas Motors is not based upon the same operative facts which support Plaintiff's claims against Defendant Volkswagen of America. Hence the punitive damage claim is separate and distinct from any claim against this latter Defendant. The critical issue in determining the instant Motion as to jurisdiction over Defendant Volkswagen of America is whether the claim for punitive damages asserted against Defendant Nicholas Motors can be aggregated to the claims asserted against Defendant Volkswagen of America.

In Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3704 provides:

" . . . separate and distinct claims still cannot be aggregated. The same rule applies when suit is brought by a single plaintiff against multiple defendants."

In *Fechheimer Bros. Co. v. Barnwasser,* 146 F.2d 974 (Sixth Cir. 1945) the Court stated:

"It is a settled general rule that, in a suit based on diversity of citizenship

---

**1.** The jurisdictional allegations as to citizenship of parties are improper but such defect can be cured by amendment of the Complaint pursuant to 28 U.S.C. § 1653. This can be accomplished in the Pre-Trial Conference Order after the action is pre-tried by the Court.

**2.** Said doctrine which was established in *Kirkland v. General Motors,* 521 P.2d 1353 (Okl. 1974) applies to all parties in the distribution chain to include distributors and sellers.

brought against several defendants on separate and distinct claims depending for their validity upon a common origin, the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims. *Woodmen of the World v. O'Neill,* 266 U.S. 292, 295, 45 S.Ct. 49, 69 L.Ed. 293."

The claim by Plaintiff herein for misrepresentation against Defendant Nicholas Motors upon which the claim for punitive damages is based is separate and distinct from the claims against Defendant Volkswagen of America. It is thus improper to aggregate the amount claimed for punitive damages against Defendant Nicholas Motors in determining if the requisite jurisdictional amount is present as to the claims against Defendant Volkswagen of America. The Motion to Dismiss for lack of subject matter jurisdiction as to Defendant Volkswagen of America, Inc., is sustained and the Complaint is dismissed as to said Defendant.[3]

### ORDER OVERRULING MOTION TO DISMISS

This action arises from the purchase of a 1975 Volkswagen automobile from Defendant Nicholas Motors on March 1, 1975. Plaintiff alleges the automobile was defective in many respects and seeks rescission of the contract and damages in the amount of the price paid ($4,062.35). She further asserts she is entitled to recover $10,000.00 punitive damages against Defendant Nicholas Motors based on alleged misrepresentations made about the condition of the automobile at the time of the purchase. Subject matter jurisdiction is asserted pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy being in excess of $10,000.00.

Defendant Nicholas Motors has filed a Motion to Dismiss for lack of subject matter jurisdiction. Said Motion which is accompanied by a Brief urges that the jurisdictional amount is insufficient because the action arises from contract and punitive damages are not a proper element of damages in such actions under Oklahoma law pursuant to 23 Oklahoma Statutes § 9. Said Defendant notes that Plaintiff alleges it misrepresented the condition of the automobile in question but alleges that the gravamen of the action is for breach of warranty.

Plaintiff in her Response and Brief opposing said Motion to Dismiss urges that she has asserted claims for breach of warranty, negligence and manufacturer's products liability against Nicholas Motors and in addition has stated a claim based on misrepresentation involving the sale of the automobile by said Defendant to the Plaintiff. She further asserts that the test in determining the jurisdictional amount is whether it appears to a legal certainty that the requisite jurisdictional amount does not exist.

An examination of the Complaint discloses that the facts alleged are similar to those alleged in the case of *Z. D. Howard Company v. Cartwright,* 537 P.2d 345 (Okl.1975) wherein the Court stated:

"In the present case the gravamen of buyer's action is not for breach of contract, but is, as was present in the Hobbs case, supra, for the tortious conduct of the seller in falsely representing the car to be a new one, thereby inducing buyers to enter into the contract."

"An action to recover damages for fraud inducing the making of a contract is not based on the contract but on tort. Consummation of the contract does not shield the wrong doer or preclude recovery for damages for the fraud. See *McWilliams v. Barnes,* 172 Kan. 701, 242 P.2d 1063 (1952) 37 C.J.S. Fraud § 63 p.

---

**3.** Plaintiff's assertions that this Court should exercise jurisdiction over the Defendant Volkswagen of America under a concept of ancillary jurisdiction and because it would be inequitable to force Plaintiff to sue the Defendants in separate actions are without merit. Plaintiff cites no authority to support these contentions.

This Court is one of limited jurisdiction and it is elementary that jurisdiction as fixed by law must be present before the Court is authorized to proceed with a case. The Court is not aware of any authority that our jurisdictional requirements may be avoided by either ancillary considerations or principles of equity.

353. Thus it is not prohibited by 23 O.S. 1971 § 9."

■ It appears that the instant case falls within the purview of this recent Oklahoma case which held punitive damages could be recovered under the allegations involved. Punitive damages are clearly recoverable under Oklahoma law in tort actions for fraud. 23 Oklahoma Statutes 9. *Investors Preferred Life Insurance Co. v. Abraham*, 375 F.2d 291 (Tenth Cir. 1967). Thus, it cannot be said that Plaintiff is not entitled to recover actual and punitive damages in the instant case against Defendant Nicholas Motors as a matter of law. Plaintiff's action for misrepresentation or fraud in the inducement of the sale of the automobile and for punitive damages meets the requirements as to jurisdictional amount.

In the *City of Boulder v. Snyder,* 396 F.2d 853 (Tenth Cir. 1968) the Court stated:

"Jurisdiction under 28 U.S.C. § 1331[1] is improperly founded whenever it appears as a 'legal certainty' that less than $10,000 is at issue in the controversy. *St. Paul Indem. Co. v. Cab Co.,* 303 U.S. 283 [58 S.Ct. 586, 82 L.Ed. 845]; *F & S Constr. Co. v. Jensen,* 10 Cir., 337 F.2d 160."

In the instant case, it cannot be said that the jurisdictional amount involved in the controversy between Plaintiff and Defendant Nicholas Motors appears to be less than $10,000 as a "legal certainty." The Motion to Dismiss for lack of subject matter jurisdiction of Defendant Nicholas Motors is overruled.

Defendant Nicholas Motors is directed to Answer the Complaint herein within twenty (20) days of this date.

---

1. The jurisdictional amount requirements in 28 U.S.C. § 1332 applicable in this diversity case are the same as in the cited statute.