Margaret J. GRIFFITH, Plaintiff,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant.

No. CIV–76–0537–D.

United States District Court,
W. D. Oklahoma.

Aug. 13, 1976.

J. Hugh Herndon, Midwest City, Okl., for plaintiff.

Thomas J. Enis, Oklahoma City, Okl., for defendant.

## ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

This action originally brought in the District Court of Oklahoma County, State of Oklahoma was removed to this Court. Subject matter jurisdiction exists by reason of diversity of citizenship and amount in controversy. 28 U.S.C. § 1332. Defendant has filed a Motion to Dismiss in which it is asserted Plaintiff has failed to state a claim against Defendant upon which relief can be granted. Said Motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure is accompanied by a Brief and Plaintiff has filed a Responsive Brief opposing said Motion.

An examination of the Complaint discloses Plaintiff is alleged to have been employed by Defendant for a number of years when Defendant advised Plaintiff she would be required to pay union dues or join a union or her employment would be terminated and upon her refusal to do so she alleges she was fired from her employment. She complains that Defendant libeled Plaintiff in a written statement to the Oklahoma Employment Commission by stating Plaintiff voluntarily resigned which alleged libel caused Plaintiff to be denied unemployment benefits. It is further stated in the Complaint that Plaintiff specifically waives contract rights and sues only for damages sounding in tort. Damages sought in the Complaint included a claim for the purportedly denied unemployment benefits, claimed loss of termination benefits to include a monetary termination allowance and lost vacation pay,[1] and a claim for punitive damages based on the alleged libel.

Defendant in support of its Motion to Dismiss relies on the provisions of 12 Okla. Stat.1971 § 1443 which defines "privileged communications" as same relate to libel actions. Defendant contends that the response submitted to the Oklahoma Security Commission in which it appears Plaintiff's application for unemployment benefits was contested or objected to by Defendant was submitted as part of a "proceeding authorized by law" which would constitute a "privileged communication" according to the foregoing statutory provision.[2] Defendant states such report was submitted in accordance with the provisions of the Oklahoma Employment Security Act (40 Okla. Stat.1971 §§ 211–237) and thus is a proceeding authorized by law to which the privilege provision would apply.

Plaintiff in her Response urges that the provisions of 12 Okla.Stat.1971 § 1443

---

1. It is difficult to relate these damage claims to the alleged libel arising from the letter from Defendant to the Oklahoma Employment Security Commission as it would appear such losses would be directly attributed to employment contract rights. However, as Plaintiff in her Complaint specifically states she waives any contract rights, the possible contractual nature of such claims can be disregarded for the purposes of this Motion in determining if a claim for which relief can be granted is set out in the Complaint.

2. 12 Okla.Stat.1971, § 1443 provides in part: "A privileged publication or communication is one made: First. In any legislative or judicial proceeding or any other proceeding authorized by law."

**286**

would appear only to relate to proceedings in the nature of hearings such as before a legislative or judicial body. In said Response, Plaintiff appears to also contend her claim is based on interference with her contract rights. This contention must be disregarded· in light of Plaintiff's affirmation contained in her Complaint that she was waiving any claim for contract rights in the instant action.[3]

A thorough examination of the Oklahoma Employment Security Act discloses the Court need not determine if a report submitted in accordance with same is a privileged communication pursuant to the general statutory provision contained in 12 Okla.Stat.1971 § 1443 although it appears same would apply. The Act itself contains a specific provision directly in point on this issue. 40 Okla.Stat.1971 § 221 provides in part:

"All letters, reports, communications and other matters, written or oral from employer or former employer or claimant, to the Commission or any of its agents or to any board which have been written, sent, or made in connection with the requirements and administration of this Act, *shall be absolutely privileged and shall not be the subject matter or basis for any suit for slander or libel in ·any court, . . . .*"

(Emphasis supplied).

This Court determines that Plaintiff's Complaint attempts to set out a cause of action for libel based on a report submitted by her former employer pursuant to the Oklahoma Employment Security Act and as such, Plaintiff has failed to state a claim for which relief can be granted in this diversity action based on the Oklahoma statutory prohibitions against the maintenance of such an action.

Moreover, the allegations of the Complaint do not appear to state a cause of action for libel if such an action were permitted. Libel is defined in 12 Okla.Stat. 1971 § 1441 which provides:

"Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule, or obloquy, or which .tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends."

In Plaintiff's Complaint, she merely states that she was libeled by the Defendant by reason of Defendant writing a letter to her detriment stating she had voluntarily resigned which alleged libel caused her to be denied unemployment benefits. Such allegations do not appear to embrace. a claim in accordance with the above statutory definition.

In as much as the Plaintiff's Complaint discloses that all contract rights are waived and the purported claim for libel is barred as a matter of law, the Court determines that Plaintiff's Complaint wholly fails to state a claim upon which relief can be granted and thus Defendant's Motion to Dismiss is sustained and her Complaint is dismissed.

### ON ORDER TO REMAND

In this action Plaintiff seeks recovery of damages allegedly sustained as a result of Defendant's alleged breach of an oral employment contract. The case was removed to this Court from the District Court of Oklahoma County, State of Oklahoma. The asserted basis of said removal was diversity of citizenship and the required amount in controversy. 28 U.S.C. § 1332.

In her original Complaint Plaintiff alleged that subsequent to the alleged breach of the contract, Defendant wrote a letter to the Oklahoma Employment Security Com-

---

**3.** An action for wrongful discharge against an employer is normally contractual in nature. It is tortious only in limited situations not applicable to the circumstances set out in Plaintiff's Complaint. See 53 Am.Jur.2d Master and Servant § 60, p. 134. The only tort found in the Complaint is the alleged libel.

mission containing statements allegedly libelling Plaintiff. Plaintiff specifically waived her contract rights and sued for damages in tort for libel. She sought damages for alleged monetary losses of $9,088.50 and punitive damages of $250,-000.00. Upon Defendant's Motion to Dismiss, this Court dismissed Plaintiff's original Complaint as removed to this Court on the grounds that as the communication from Defendant to the Oklahoma Employment Security Commission was privileged under Oklahoma law,[1] the Plaintiff's Complaint failed to state a claim upon which relief could be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, Plaintiff has filed herein her First Amended Complaint now seeking to recover damages under a contract theory for Defendant's alleged breach of the employment contract. Plaintiff seeks damages of $9,088.50 for her alleged monetary losses plus "such other and further relief to which the Court may deem her entitled."

Defendant has filed a Motion to Dismiss. Said Motion is supported by a Brief and Plaintiff has filed a Response Brief opposing said Motion. Defendant's contention is that the First Amended Complaint fails to state a claim against Defendant upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Defendant claims that the First Amended Complaint is similar to the original Complaint as it also is based upon the communication from Defendant to the Oklahoma Employment Security Commission. Defendant contends that as the communication is deemed privileged under Oklahoma law, it cannot form the basis for Plaintiff's Cause of Action in the First Amended Complaint.

■ The Court is under the affirmative duty at all times to satisfy itself that it has jurisdiction of the case before it. *Salvation Army v. Morris*, 294 F.Supp. 158 (W.D.Okl. 1968); *McRae v. Arabian American Oil Co.*, 293 F.Supp. 844 (S.D.N.Y.1968). The lack of subject matter jurisdiction may be asserted by the Court, sua sponte, at any time. See discussion Wright & Miller, Federal Practice and Procedure, Civil: § 1350.

■ To determine if the Court has jurisdiction over this matter, it will be necessary to examine the Plaintiff's First Amended Complaint. This Complaint filed after the Court's dismissal of the original Complaint supersedes the original. *Cicchetti v. Lucey*, 514 F.2d 362 (First Cir. 1975); *Loux v. Rhay*, 375 F.2d 55 (Ninth Cir. 1967); *Buck v. New York Cent. R.R.*, 275 F.2d 292 (Seventh Cir. 1960).

■ An examination of the First Amended Complaint fails to reveal upon what basis this Court has jurisdiction. The First Amended Complaint does not conform to the requirements set out in Rule 8(a), Federal Rules of Civil Procedure, which provides that a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. In its Petition for Removal, Defendant asserted that this Court has diversity and amount in controversy jurisdiction pursuant to 28 U.S.C. § 1332. This section requires that the amount in controversy exceeds the sum or value of $10,000.00. The test the Court must apply in determining whether the jurisdictional amount requirement of 28 U.S.C. § 1332 is satisfied is whether under settled state law the Plaintiff's claim is not to a legal certainty recoverable in an amount in excess of $10,000.00. *City of Boulder v. Snyder*, 396 F.2d 853 (Tenth Cir. 1968); *Renfroe v. Preferred Risk Mutual Ins. Co.*, 296 F.Supp. 1137 (N.D.Okl.1969).

■ In her First Amended Complaint, Plaintiff seeks to recover $9,088.50 for her alleged monetary losses and "such other and further relief to which the Court may deem her entitled". As it is apparent on the face of the First Amended Complaint that the amount claimed in this action is, to a legal certainty, less than $10,000.00, said First Amended Complaint fails to meet the requirements of 28 U.S.C. § 1332 concerning amount in controversy.

---

1. 40 Oklahoma Statutes 1971 § 221.

It appears from the record in this case and the Court finds that when the Plaintiff originally filed this case in the state court and thereafter at the time of removal thereof to this Court, that under settled Oklahoma law to a legal certainty the claim or cause of action of the Plaintiff against the Defendant did not involve the required jurisdictional amount of $10,-000.00. This is to find that to a legal certainty under settled Oklahoma law the Plaintiff's claim for damages in her original Complaint for the alleged tort of libel was and is defective in that the same is not legally recoverable in this case and thus such claim for damages may not be considered in determining the presence of the required jurisdictional amount. *City of Boulder v. Snyder, supra*; *Renfroe v. Preferred Risk Mutual Ins. Co., supra.* Without such unrecoverable damages in her original Complaint Plaintiff's claim never involved the required jurisdictional amount. Thus, this Court never had amount in controversy jurisdiction in this controversy between diverse citizens based on Plaintiff's original Complaint. This case was not removable at the time it was removed to this Court on the original Complaint for failure to meet the jurisdictional amount requirements of 28 U.S.C. § 1332. Nor does the Court have jurisdiction with reference to Plaintiff's First Amended Complaint for its fails to assert the required jurisdictional amount as above stated.

The record does not indicate any other independent basis for federal jurisdiction.

In view of the foregoing, it is the Court's conclusion that as it has never had subject matter jurisdiction in this matter, both as to the original Complaint and the First Amended Complaint, the action should be remanded to the District Court of Oklahoma County, Oklahoma, from which it was removed on Plaintiff's First Amended Complaint.[2]

2. The Federal Court must remand a case any time prior to final judgment where it appears that the case was removed improvidently and without jurisdiction. *Resident Advisory Board v. Tate*, 329 F.Supp. 427 (E.D.Pa.1971); 28 U.S.C. § 1447(c). Defendant herein elected to

The Court declines to rule on the Motion to Dismiss which is directed toward the First Amended Complaint. Such issue should be considered by the State Court.

The Clerk will take the necessary action to so remand this case.

remove the instant case to this Court and immediately requested dismissal for failure to state a cause of action under Oklahoma law. Such request could have been submitted in the State Court.