Mrs. Walter E. BRIDGESS, Plaintiff,

v.

Dale YOUREE and Florence Youree, d/b/a Youree Ranch, Defendants.

No. CIV–76–0835–D.

United States District Court, W. D. Oklahoma.

Feb. 17, 1977.

Franklin C. Hoover, Roger L. Benson, Ada, Okl., for plaintiff.

Phil Scott, John McKee, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This action arises from the sale of a bay gelding owned by Plaintiff. Plaintiff alleges in her Complaint that on or about March 4, 1973, Plaintiff and Defendants entered into an agreement whereby Plaintiff delivered the horse in question to Defendants with the understanding that Defendants were to train the horse and act as Plaintiff's agent in selling the animal. Plaintiff asserts that Defendants were to be paid a specified amount for boarding the animal as well as a commission on the sale price of the same. Plaintiff alleges that Defendants subsequently misrepresented the value of the horse to Plaintiff and thereby induced her to agree to sell the horse to a third party for a price less than its actual value. It is further alleged that Defendants sold the horse to a third party on April 20, 1973 for $2,500 but only paid Plaintiff $750. In this action, Plaintiff is seeking $1,750 in actual damages and $10,000 in punitive damages. It is asserted that this Court has diversity jurisdiction of the matter pursuant to 28 U.S.C. § 1332.

1. Under the Federal Rules of Civil Procedure, a special appearance is not required to challenge the court's jurisdiction in Federal Court. *Republic International Corp. v. Amco Engineers,*

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Defendants have filed herein a Special Appearance,[1] Plea to Jurisdiction, and Motion to Dismiss. Said Motion is supported by a Brief. To said Motion, Plaintiff has filed a Response within supporting Brief. Defendants' contention is that there is an insufficient jurisdictional amount in the instant action because the action arises from contract and punitive damages are not a proper element of damages in a contract action under Oklahoma law. Plaintiff in her Response urges that this is not an action on contract but is rather an action for the alleged fraud of Defendants involving the sale of Plaintiff's horse.

An examination of the Complaint in this action discloses that the facts alleged therein comprise the essential facts necessary to constitute actionable fraud. *In re Romero,* 535 F.2d 618 (Tenth Cir. 1976); *State ex rel. Southwestern Bell Telephone Co. v. Brown,* 519 P.2d 491 (Okl.1974). Fraud is a tort. *Combs v. Chambers,* 283 F.Supp. 295 (N.D.Okl.1968). Under Oklahoma law, punitive damages are recoverable in tort actions for fraud. *Investors Preferred Life Insurance Co. v. Abraham,* 375 F.2d 291 (Tenth Cir. 1967); *Payne v. Volkswagon [sic] of America, Inc.,* 70 F.R.D. 565 (W.D.Okl.1976); 23 Oklahoma Statutes 1971 § 9. Accordingly, it cannot be said that Plaintiff is not entitled to recover actual and punitive damages in the instant case against Defendants as a matter of law.

With regard to the required jurisdictional amount in an action brought pursuant to 28 U.S.C. § 1332, the Courts have established that the amount in controversy is insufficient whenever it appears as a legal certainty that less than the required jurisdictional amount is at issue in the controversy. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *City of Boulder v.*

*Inc.,* 516 F.2d 161 (Ninth Cir. 1975); *Housing Authority of City of Atlanta, Ga. v. Millwood,* 472 F.2d 268 (Fifth Cir. 1973).

*Snyder,* 396 F.2d 853 (Tenth Cir. 1968); *Payne v. Volkswagon [sic] of America, Inc., supra.* The jurisdictional amount involved in the instant controversy between Plaintiff and Defendants does not appear to be less than $10,000 as a "legal certainty." Defendants' Motion to Dismiss for lack of subject matter jurisdiction should be overruled.

■ In Plaintiff's Brief in Support of her Response to Defendants' Motion to Dismiss, she moves the Court to allow her to amend her Complaint.[2] Rule 15(a), Federal Rules of Civil Procedure, provides that a party may amend her pleading once as a matter of course at any time before a responsive pleading is served. A motion to dismiss is not a responsive pleading. *Hanraty v. Ostertag,* 470 F.2d 1096 (Tenth Cir. 1972). Plaintiff's Complaint should therefore be amended to read as requested by Plaintiff.

Defendants are to Answer the Complaint, as amended, within 15 days of this date.

It is so ordered this 17th day of February, 1977.

**2.** The amendment sought by Plaintiff would affect only that clause of the Complaint containing Plaintiff's prayer for damages. The prayer for damages, as amended, would read: "WHEREFORE, Plaintiff prays for actual damages in the amount of $1,750.00 *under her First Count* and punitive damages in the amount of $10,000.00 *under her Second Count* and that Plaintiff have and recover judgment against the Defendants in the *total* amount of $11,750.00, together with the costs of this action, and for such other and further relief as may be just and equitable." (Emphasis added to indicate what would be added by amendment).