**W. B. DERRY, Executor of the Estate of Frances P. Derry, Deceased, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Daniel Holmes, and Commonwealth of Kentucky, ex rel. Department of Highways, Defendants.**

**No. 1671.**

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 21, 1965.

James G. Sheehan, Jr., Danville, Ky., Robert M. Spragens, Lebanon, Ky., Stoll,

Keenon & Park, by Gladney Harville, Lexington, Ky., for plaintiff.

Robert H. Measle, Lexington, Ky., William O. Gilbreath, Lexington, Ky., for Dept. of Highways, Commonwealth of Kentucky, for defendants.

SWINFORD, Chief Judge.

W. B. Derry, a citizen and resident of Kentucky and executor of the deceased Frances P. Derry, filed this wrongful death action arising out of an automobile accident in the Circuit Court, Boyle County, Kentucky. The defendant Department of Highways filed a motion to dismiss the action against it asserting that the Boyle Circuit Court lacks jurisdiction to hear the claim against it since K.R.S. § 44.070 places exclusive jurisdiction over such tort claims in an administrative Board of Claims. Two days later, the defendants Roadway Express, Inc., a corporation chartered in the state of Ohio and with its principal place of business in Ohio, and Daniel Holmes, a citizen and resident of Ohio, filed a timely petition to remove the action to this court pursuant to 28 U.S.C. § 1441. The Boyle Circuit Court had not acted upon the defendant Department of Highways' motion to dismiss when the petition to remove was filed.

■ With the enactment of the Board of Claims Act, K.R.S. §§ 44.070–44.160, Kentucky partially waived its sovereign immunity and allowed parties to initiate claims alleging negligence on the part of the Commonwealth or any of its departments or agencies or any of its officers or employees while acting within the scope of their employment. The act establishes an administrative Board of Claims to hear proof, investigate and to award compensatory damages in amounts up to $10,000, but it vests exclusive jurisdiction over these claims in this Board, K.R.S. § 44.070(5), with a right of appeal to the state circuit courts from its judgment, K.R.S. § 44.140. The defendant Department of Highways is such a state department as was contemplated in the Act. See generally, Oberst, "The Board of Claims Act of 1950," 39 Ky.L.J. 35 (1950). Thus the Boyle Circuit Court did not have jurisdiction to hear the plaintiff's claim against this defendant.

■■ As a general rule, all defendants whom the plaintiff has named in his state court complaint must join in a petition for removal to a United States District Court. Leonardo Co. v. Ohio Ins. Co., 182 F.Supp. 340 (S.D.Ohio 1960); Smith v. Waldemar, 85 F.Supp. 36 (E.D.Tenn.1949). The defendant Department of Highways did not join in the petition for removal here but the other two defendants did so join and as to them the petition was timely and in proper form to vest jurisdiction in this court. The motion to dismiss filed by the Department of Highways is a part of the record here. The court is of the opinion that this motion should be sustained. Rule 21 of the Federal Rules of Civil Procedure states "Misjoinder of parties is not ground for dismissal of an action." The Rule is a clear repudiation of the over technical requirements of common law pleading and no reason appears why it should not apply in removal situations. The Department of Highways is clearly an improper party in this action since neither the Boyle Circuit Court nor this court has jurisdiction to entertain an original tort claim against it. A remand to the state court because of improper removal would serve no useful purpose and would be likely to delay a determination on the merits of the action. The Department of Highways' motion to dismiss the complaint as to it should be sustained under the authority of Federal Rule 21 and the action should be allowed to proceed under this court's diversity jurisdiction.