Myrtle Harris WILLIAMS, Plaintiff,

v.

ATLANTIC COAST LINE RAILROAD
COMPANY and W. E. Mullis,
Defendants.

Civ. A. No. 604.

United States District Court
S. D. Georgia,
Waycross Division.

Sept. 30, 1968.

———◆———

C. B. King, Albany, Ga., for plaintiff.

Benjamin Smith, Jr., L. E. Pedrick, Waycross, Ga., for defendant.

ORDER ON MOTION TO REMAND

LAWRENCE, Judge.

Atlantic Coast Line Railroad (now Seaboard Coast Line) removed this action from the Superior Court of Brantley County on the ground of diversity of citizenship, asserting that W. E. Mullis, the resident defendant, was fraudulently joined for the purpose of defeating Federal jurisdiction.

A motion to remand was filed by plaintiff who contended that Mullis is not a "sham" party. Plaintiff's counsel argue that the fraudulent joinder must appear on the face of the pleadings at the time of removal. I disagree.

Where a claim of fraudulent joinder is asserted Federal courts may pierce the pleadings and consider the entire record, determining the question by any means available. Dodd v. Fawcett Publications, Inc., 10 Cir., 329 F.2d 82; Smoot v. Chicago Rock Island and Pacific Railroad Co., 10 Cir., 378 F.2d 879. The rule in such cases is not the same as in cases in which separateness of claims is asserted where the pleadings must speak for themselves. McLeod v. Cities Service Gas Company, 10 Cir., 233 F.2d 242; Denver United States National Bank v. Rippey, 260 F.Supp. 717.

The testimony and the stipulation in the present case disclose no reasonable basis upon which the resident defendant can be held liable. Plaintiff's attorneys in drawing the complaint confused Mullis, the conductor, for the engineer and designated him as such. The joinder of the engineer, a resident of Georgia, would have defeated removal by the non-resident. Here plaintiff has sued an employee who at the time of the collision was stationed several coaches to the rear of the locomotive and who was in no way involved in the negligent acts alleged. Recognizing the unfortunate predicament into which inadvertence led them, counsel subsequently moved to dismiss the complaint without prejudice. The motion was disallowed by Judge Scarlett who heard the earlier stages of the motion to remand. There was ample precedent. See Klintworth v. Atlantic Coast Line Railroad Co., D.C., 39 F.R.D. 330; Piedmont Interstate Fair Assn. v. Bean, 4 Cir., 209 F.2d 942; Young v. Southern Pacific Co., 2 Cir., 25 F.2d 630, 632.

The joinder of Mullis, though not a moral fraud (which is not essential to sustain a claim of fraudulent joinder) (Polito v. Molasky et al., 8 Cir., 123 F.2d 258) constitutes a legal or constructive fraud sufficient to sustain the removal. Meeting the requirements for proof of fraudulent joinder (Parks v. N. Y. Times, 5 Cir., 308 F.2d 474), the non-resident here has satisfactorily shown, as a matter of local law, that no recovery can be had against the resident defendant. The motion to remand must be denied.

At this stage of the litigation, even if I deemed it proper, I would not modify the order of Judge Scarlett which denied plaintiff leave to dismiss with the admitted intention of bringing the suit in the State courts on an un-removable basis.

One other point is involved. It is contended that the removal is defective because of the failure of the resident defendant, Mullis, to join in the petition for removal. Such a joinder is generally required. Dyer v. Burns, D. C., 257 F.Supp. 268; Barnes v. Parker, D.C., 126 F.Supp. 649. An exception to this general rule in diversity cases is where a plaintiff sues a "nominal" or "formal" or "improper" party. Such parties need not join in or consent to the removal. Urban Renewal Authority of City of Trinidad v. Daugherty, 271 F. Supp. 729; Rodriguez v. Union Oil Co. of Col., D.C., 121 F.Supp. 824; Derry v. Roadway Express, 248 F.Supp. 843. Analogous thereto are cases where a fraudulent joinder is asserted and the court looks behind the curtain of the pleadings and finds that the non-resident defendant does not belong in the suit as a party and should not have been joined. Mullis is no more necessary to the prosecution of this suit than a nominal party and need not join in the removal petition. A more simple answer to the failure of Mullis to join in the removal proceeding is plaintiff's concession that, in actuality, no valid claim for relief exists against Mullis. For all purposes as to this issue, Mullis is *not* a real party to the suit. It was not necessary that he join in or consent to the removal.

The motion to remand is denied.