**W. O. PETTIT, Plaintiff,**

**v.**

**ARKANSAS LOUISIANA GAS COMPANY, a corporation, and Texas International Petroleum Corp., a corporation, Defendants.**

**Civ. No. 73-277.**

United States District Court,
E. D. Oklahoma,
Civil Division.

June 3, 1974.

Richard P. Cornish, Newell E. Wright, Jr., McAlester, Okl., for plaintiff.

George L. Verity, Oklahoma City, Okl., for Arkansas Louisiana Gas.

Max H. Lawrence, Oklahoma City, Okl., for Texas International.

## ORDER REMANDING CASE

DAUGHERTY, Chief Judge.

Plaintiff sued the above Defendants in the District Court in and for Pittsburg County, Oklahoma requesting declaratory relief that his interest in a gas well is unencumbered as to Defendants and that he recover from Defendants the sum of $60,000.00 as well as $500,000.00 as punitive damages.

According to the records of the District Court in and for Pittsburg County, Oklahoma, of which the Court takes judicial notice as they were not included in the Removal Petition, the Defendant Arkansas Louisiana Gas Company (Arkla) was served with summons on September 26, 1973 by serving its designated Service Agent and the Defendant Texas International Petroleum Corp. (Texas) was served with summons on September 27, 1973 by serving an officer of the corporation.

On October 17, 1973 Defendant Arkla removed the case to this Court on the grounds of diverse citizenship and the required jurisdictional amount being present and that the case involved a substantial Federal question. The Defendant Texas did not join in said Removal Petition of Defendant Arkla or file a Removal Petition of its own within the prescribed time for removal.

■ Plaintiff has not moved to remand the case to State Court but as it is the duty of the Court to at all times look to its jurisdiction, the Court from examining the files and records of the case concludes that the case was improvidently removed to this Court and should be remanded sua sponte to the State District Court from which it was removed.

28 U.S.C. § 1441(a) provides:

"§ 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

■ The authorities clearly indicate that this Court should sua sponte remand a case to State Court if its jurisdiction is not proper. In Becker v. Angle, 165 F.2d 140 (Tenth Cir. 1947) it is stated:

"The Act of March 3, 1875, c. 137, § 5, 18 Stat. 472, Judicial Code, Section 37, 28 U.S.C.A. § 80, places upon the trial court the duty of enforcing the statutory limitations upon its jurisdiction, and authorizes the court to inquire into the jurisdictional facts and to dismiss or remand the case if lack of jurisdiction appears. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 785, 80 L.Ed. 1135."

The statutory provision referred to in the above case is now codified in 28 U.S.C.A. § 1447(c) which provides:

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

The right to removal is statutory and before a party may avail himself of such right, he must comply with the statutory provisions. Edwards v. E. I. DuPont DeNemours & Co., 183 F.2d 165 (Fifth Cir. 1950). Among the statutory requirements to be complied with, is that *all* defendants must join in the removal. This Court so held in the case of Dyer v. Burns, 257 F.Supp. 268 (W.D.Okl.1966) wherein it is stated:

"Unless a separate and independent claim or cause of action exists, it is necessary that all defendants join in the petition for removal."

In the early case of Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 20

S.Ct. 854, 44 L.Ed. 1055 (1900) it was held that in a joint action against several defendants in which no separate or independent controversy is presented, *all* the parties must join in the petition for removal. Also see numerous cases under Note 873 in 28 U.S.C.A. § 1441.

■ The removal of a cause, either for diversity of citizenship or because a Federal question is involved, must be sought by *all* defendants except where there is a separate or independent controversy wholly between citizens of different states. Sheets v. Shamrock Oil & Gas Corporation, 115 F.2d 880 (Fifth Cir. 1940) aff'd 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Town of Fairfax, Okl. v. Ashbrook, 3 F.Supp. 345 (N.D.Okl.1933).

In the case at hand, an examination of the Plaintiff's Petition does not disclose a separate and independent claim or cause of action against the removing Defendant. The Plaintiff seeks declaratory relief (or to quiet title) to his fractional working interest in the gas well against both Defendants and seeks money damages (or seeks an accounting) against both Defendants for gas sold by one Defendant to the other Defendant as well as punitive damages against both Defendants. These issues are common to both Defendants and do not constitute separate and independent claims. Nor was removal based on an alleged fraudulent joinder of Texas (in which case only Arkla would need to remove), Edwards v. E. I. DuPont DeNemours & Co., *supra*, or that Texas is merely a nominal party Defendant (in which case Texas may not need to join). Bailen v. Deitrick, 84 F.2d 375 (First Cir. 1936).

■ Good practice requires that a Petition for Removal state the reason why all defendants are not joining in the removal. In Futurama Import Corp. v. Kaysons International of Miami, Inc., 304 F.Supp. 999 (D.Puerto Rico 1969) the Court stated:

"Notwithstanding this fact there is no allegation or reason given in the removal petition which would explain why the other two defendants were not included therein. In discussing the contents of a petition for removal as required by 28 U.S.C. § 1446 Moore comments:

'It is not enough that a valid basis for removal exists. The ground(s) must be set out in the removal petition; and the petition should not leave any issue, as to the prima facie right to remove, at large. Thus where the suit involved multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e. g., that he is a nominal party or was not served at the time of filing the petition.' 1 A Moore's Federal Practice Sec. 0.-168(3–4) pp. 1201, 1202, Second Edition.

There are situations where the removal petition has been found to be fatally defective where one or more of the defendants have been disregarded and no explanation was given for the nonjoinder. Heckleman v. Yellow Cab Transit Co., 45 F.Supp. 984, 985 (E.D.Ill.1942) cited in McMahan v. Fontenot, 212 F.Supp. 812, 813, 814–815 (W.D.Ark.1963); Gratz v. Murchison, 130 F.Supp. 709, 713 (D.Del.1955)."

There is no explanation in Defendant Arkla's Petition for Removal in this case as to why the Defendant Texas did not join therein. Moreover, during an open Court hearing on May 29, 1974 no explanation was given in this regard.

As the case was improvidently removed from the State Court to this Court, the Court sua sponte orders this case to be remanded to the District Court in and for Pittsburg County, Oklahoma. The Clerk of the Court will take the necessary action to effect this remand.