**WHEEL HORSE SALES, INC., a corporation, Plaintiff-Appellant,**

v.

**James SPENCE, d/b/a East Side Sales and Service, Defendant-Appellee.**

**No. 77–1718.**

United States Court of Appeals, Tenth Circuit.

Submitted Oct. 27, 1977.

Decided Nov. 30, 1977.

Robert E. Manchester, Oklahoma City, Okl., for plaintiff-appellant.

Paul F. McTighe, Jr., Tulsa, Okl., for defendant-appellee.

Before McWILLIAMS, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

The issue in this case is whether a defendant in an action for liquidated damages can defeat federal diversity jurisdiction [28 U.S.C. § 1332] by admitting liability for a portion of the claim so as to bring the sum in dispute below the jurisdictional amount.

Appellant Wheel Horse Sales, Inc., is a Missouri corporation; appellee James Spence, d/b/a East Side Sales and Service, is a resident of Oklahoma. Wheel Horse brought this action in the United States District Court for the Northern District of Oklahoma to recover $17,720.52 allegedly due from Spence in connection with the purchase by Spence of lawn and garden equipment for resale. The equipment was covered by a security agreement which, inter alia, obligated Spence to make full payment to Wheel Horse for each item as it was sold. Wheel Horse alleged Spence converted the noted equipment by disposing of it in violation of the security agreement. In his answer, Spence acknowledged ordering the equipment but denied the allegation of conversion. His answer further denied the $17,720.52 indebtedness.

The matter came on for pretrial at which time Spence admitted that he owed $15,000 of the claimed amount, although he maintained the indebtedness was based upon his contract with Wheel Horse rather than damages for conversion. The trial judge dismissed the action upon the following finding:

By defendant admitting $15,000 as due and owing, and the plaintiff having sued

for a total of $17,720.52, only $2,720.52 remains in controversy between the parties, and the Court is therefore without jurisdiction to hear the matter on its merits pursuant to 28 U.S.C. Sec. 1332.

It is from that order this appeal is taken.[1]

The Supreme Court has held that a claim need not be contested to be in controversy within the meaning of 28 U.S.C. § 1332. The case of In re Reisenberg, 208 U.S. 90, 28 S.Ct. 219, 52 L.Ed. 403 (1907), was an action for an extraordinary writ prohibiting the appointment of receivers for the Metropolitan Railroad Company. It was brought by creditors of the railway who were not parties to the action for appointment of receivers. They contended the circuit court was without jurisdiction to place the railway in receivership because the amount in controversy was insufficient. The petitioners contended that although the amount of the railway's indebtedness was well in excess of the jurisdictional amount, the amount in controversy was not, because the defendant railway admitted the allegations of the complaint and joined in the application for appointment of receivers. The Court rejected the contention, reasoning as follows:

We think that where there is a justiciable claim of some right made by a citizen of one state against a citizen of another state, involving an amount equal to the amount named in the statute, which claim is not satisfied by the party against whom it is made, there is a controversy, or dispute, between the parties, within the meaning of the statute. It is not necessary that the defendant should controvert or dispute the claim. It is sufficient that he does not satisfy it. It might be that he could not truthfully dispute it,

1. Spence contends that the appeal is from the trial judge's denial of Wheel Horse's motion to reconsider its order of dismissal, and that the issue is the propriety of that denial. Spence argues that since the judge had determined he was without jurisdiction, he could consider nothing further in the case, and his denial of appellant's motion was correct. Such an argument may postpone but does not avoid consideration of the propriety of dismissal on jurisdic-

tional grounds. According to Spence's proposition, the trial judge was correct in denying appellant's motion because he was without power to grant it. However, he was without such power only if his dismissal of the action was proper. Moreover, the final order appearing in the record is the order of dismissal, dated July 27, 1977. The order denying appellant's motion to reconsider is dated July 19, 1977.

and yet, if from inability, or, mayhap, from indisposition, he fails to satisfy it, it cannot be that because the claim is not controverted the Federal court has not jurisdiction of an action brought to enforce it. Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity. If it were otherwise, then the circuit court would have no jurisdiction if the defendant simply admitted his liability and the amount thereof as claimed, although not paying or satisfying the debt. This would involve the contention that the Federal court might be without jurisdiction in many cases where, upon bill filed, it was taken *pro confesso*, or whenever a judgment was entered by default. These are propositions which, it seems to us, need only to be stated to be condemned.

208 U.S. at 107–108, 28 S.Ct. at 223.

It is clear that Spence's acknowledgment of a portion of the claimed indebtedness does not diminish the amount in controversy in the instant case.

Unless it appears to a legal certainty that a claim is for less, the amount claimed by a plaintiff in apparent good faith is the amount in controversy within the meaning of 28 U.S.C. § 1332. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1937); *Craig v. Champlin Petroleum Co.*, 421 F.2d 236 (10th Cir. 1970); *Gray v. Blight*, 112 F.2d 696 (10th Cir. 1941), *cert. denied*, 311 U.S. 704, 61 S.Ct. 170, 85 L.Ed. 457. We are given no reason to doubt appellant's claim for $17,-720.52 is made in good faith. The jurisdictional requirement that at least $10,000 be in controversy is therefore met.

The order of the district court dismissing the action is reversed, and the case is remanded for further proceedings consistent with this opinion.