**McCURTAIN COUNTY PRODUCTION CORP., Plaintiff,**

v.

**R. B. COWETT and Shelba Cowett, husband and wife; Willie John Blair, d/b/a B & B Automotive; John Deere Company, a corporation, and Clarksville Grain and Elevator Co., Inc., a corporation, Defendants.**

**No. 78–81–C.**

United States District Court, E. D. Oklahoma.

June 15, 1978.

George Walters, Broken Bow, Okl., for plaintiff.

John C. Harrington, Jr., Oklahoma City, Okl., for defendant John Deere Co.

Other defendants did not enter an appearance in Federal Court.

### ORDER REMANDING CASE

DAUGHERTY, Chief Judge.

Plaintiff commenced this action in the District Court of McCurtain County, Oklahoma seeking to recover on a promissory note. Contending that the federal court has original jurisdiction of the action by reason of diversity of citizenship and amount in controversy, Defendant John Deere Company (John Deere) removed the case to this Court. The matter is now before the Court for consideration of Plaintiff's Motion to Remand the case to the state court. John Deere has filed a Brief in support of Removal and in Opposition to Motion to Remand.

In its Petition and Amended Petition (hereinafter referred to as "complaint") filed in the state court, Plaintiff alleges that Defendants R. B. Cowett and Shelba Cowett executed a promissory note to the Plaintiff in the amount of $15,215.59 and secured the note by giving Plaintiff a security interest in a two-thirds share of 130 acres of soybeans in McCurtain County and in a 1972 John Deere combine. Plaintiff asserts that the Cowetts have defaulted on the note and that the aforementioned soybeans were sold to Defendant Clarksville Grain and Elevator Co., Inc. (Clarksville Grain) for the sum of $10,948.27. Plaintiff alleges that Clarksville Grain issued three checks in payment for the soybeans. One of the checks was issued to Lester Boden, the owner of a one-third share in the soybeans, and the other two checks were issued to R. B. Cowett. Cowett endorsed one of the checks, in the amount of $4,394.90, to B & B Automotive, and converted the other check, in the amount of $2,903.94, into a money order and gave the same to John Deere. Plaintiff seeks a judgment in the amount of $15,215.59 against the Cowetts on the promissory note. It further seeks a judgment in the amount of $7,298.84 against Clarksville Grain for that portion of the proceeds from the sale of the soybeans which Clarksville Grain conveyed to R. B. Cowett. In the alternative, Plaintiff seeks a judgment against Defendant Willie John Blair, d/b/a B & B Automotive Company, for $4,394.90, and against John Deere for $2,903.94.

In its Motion to Remand, Plaintiff asserts that the removal of this case to federal court was improvident as all Defendants herein did not join in the removal petition filed by John Deere and as Plaintiff's claim against John Deere was for an amount less than the jurisdictional amount required for a federal court to have diversity jurisdiction.

In opposition to Plaintiff's Motion to Remand, John Deere asserts that the Court lacks jurisdiction over any of the Defendants except John Deere, and that by reason of such a lack of jurisdiction, John Deere is entitled to remove the action without the consent of the remaining Defendants. John Deere maintains that although the other Defendants have been served, there has been no determination that the state court has jurisdiction over those Defendants and that they apparently do not want to risk submitting themselves to the jurisdiction of the court by joining in the removal petition. With regard to Plaintiff's contention that there is an insufficient amount in controversy, John Deere takes the position that the total amount of the soybeans sold to Clarksville Grain is the true amount in controversy and that such value exceeds the jurisdictional amount required.

Upon examination of the record in this case, the Court concludes that the action was improvidently removed to this Court and should be remanded to the state court pursuant to 28 U.S.C. § 1447(c).

■ The right to remove a case from a local forum into federal court is solely one conferred by statute, rather than one which is constitutionally derived. Inasmuch as the removal statutes represent Congressionally-authorized encroachments by the federal courts into the various states' sovereignties, those provisions must be strictly construed, and their established procedures rigidly adhered to. *People v. Muka,* 440 F.Supp. 33 (N.D.N.Y.1977). In a case where the basis for jurisdiction is doubtful, the Court should resolve such doubt in favor of remand. *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61 (Tenth Cir. 1957), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957); *Dane v. Southwestern Bell Telephone Co.,* 352 F.Supp. 257 (W.D.Okl.1972). In the instant case, the cause has been improperly removed both by reason of a defect in the removal procedure employed by John Deere and by the cause's failure to meet the criteria of the invoked removal statute.

The procedure to remove a case from a state court to the federal court is set forth in 28 U.S.C. § 1446, which reads in part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

■ § 1446(a) has been interpreted to mean that all defendants in multi-defendant cases must join in the petition for removal or consent to such action within the 30 day time limitation applicable to removal procedures. On petition to remove a case to federal court, the defendants are to be treated collectively, and as a general rule, all defendants who may properly join in the removal petition must do so. *Gableman v. Peoria, D. & E. R. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Chicago, R. I. & P. R. Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressman & Assistants' Local 349,* 427 F.2d 325 (Fifth Cir. 1970); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546 (Seventh Cir. 1968); *Pettit v. Arkansas Louisiana Gas Co.,* 377 F.Supp. 108 (E.D. Okl.1974).

There are exceptions to this requirement. When a separate and independent claim that is removable under 28 U.S.C. § 1441(c) is joined with other nonremovable claims,

only the defendant or defendants to the separate and independent claim need seek removal. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3731, at 719 (1976). Nominal or formal parties may be disregarded. *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressman & Assistants' Local 349, supra; see Reed v. Safeway Stores, Inc.,* 400 F.Supp. 702 (N.D.Okl.1975). An improperly joined party is not required to join in the removal petition. *Williams v. Atlantic Coast Line Railroad Co.,* 294 F.Supp. 815 (S.D.Ga.1968); *Derry v. Roadway Express, Inc.,* 248 F.Supp. 843 (E.D.Ky.1965); 14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3723, at 610 (1976). A nonserved, nonresident defendant need not join in the removal petition. *DiCesare-Engler Productions, Inc. v. Mainman Ltd.,* 421 F.Supp. 116 (W.D.Pa.1976).

██ In the instant case, the failure of all Defendants to join in the petition for removal filed herein by John Deere or to consent to such action within the 30 day time limitation makes the removal of this case improper. From an examination of the record herein, the Court is unable to apply any of the aforementioned exceptions to this case. There is not a separate and independent claim stated against John Deere. The Defendants who have not joined in the removal petition are not nominal or formal parties, nor is there any indication that they have been improvidently joined in this action. As John Deere has stated in its removal petition that the other Defendants have been served, they were required to join in the removal. Under modern pleading rules, the technical distinctions between a special appearance and a general appearance have vanished and a defendant waives nothing by removing the case and may move to dismiss for lack of personal jurisdiction after the removal. 14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 3738, at 749–50 (1976). The fact that a defendant has

removed does not act as a general consent to jurisdiction to defeat the motion. *Id.* Accordingly, all Defendants in this case could properly have joined in the removal petition of John Deere. Their failure to so join constitutes a defect in the removal procedure employed by John Deere and warrants the remand of the case to the state court from which it was removed.

██ In addition, inasmuch as the jurisdiction of the federal courts on removal of an action from a state court is, in a limited sense, a derivative jurisdiction, if the state court lacks jurisdiction of the parties the federal court acquires none upon removal. If, as John Deere contends, the state court did not acquire personal jurisdiction of the Defendants or the service of process with which the action was commenced in the state court was defective, the federal court is without removal jurisdiction. *Meyer v. Indian Hill Farm, Inc.,* 258 F.2d 287 (Second Cir. 1958); 32 Am.Jur.2d *Federal Practice and Procedure* § 465, at 1013–14 (1967).

 Moreover, the case should also be remanded on the basis that the cause was improperly removed as the amount in controversy therein fails to meet the statutory criteria for the removal of a diversity case.[1] Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal. *Lonnquist v. J. C. Penney Co.,* 421 F.2d 597 (Tenth Cir. 1970). In a diversity case, the amount in controversy is insufficient wherever it appears as a legal certainty that less than the required jurisdictional amount is at issue in the controversy. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1937); *Wheel Horse Sales, Inc. v. Spence,* 566 F.2d 679 (Tenth Cir. 1977); *Bridgess v. Youree,* 436 F.Supp. 458 (W.D.Okl.1977). The leading case on this point is *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra,* which stated this test:

1. The original jurisdiction criteria for diversity cases are contained in 28 U.S.C. § 1332, which provides in part that "district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs . . . ."

[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. 303 U.S. at 288–89, 58 S.Ct. at 590. (Footnotes omitted.)

■ Where two or more defendants are joined in one suit, the removability thereof, so far as it depends on the amount or value in controversy, within the statutory provisions relating to the removal of causes from a state court to a federal court, is ordinarily determined by the joint or several character of the defendants' liability. If their liability is joint, the value of the matters in controversy between plaintiff and all the defendants is to be regarded as the matter in dispute; but if their liability is several, the cause is ordinarily not removable except as to those defendants whose several liabilities or claims separately exceed the amount prescribed by the statute. 76 C.J.S. *Removal of Causes* § 36, at 943 (1952); *see generally, Walter v. Northeastern Railroad Co.,* 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206 (1893); *United States v. Southern Pacific Transportation Co.,* 543 F.2d 676, 683 n. 9 (Ninth Cir. 1976); Annot., Right to Aggregate Multiple Claims or Interests in Order to Satisfy Minimum Jurisdictional Amount Requirement in Federal District Court, 2 A.L.R.Fed. 18 (1969).

■ In the instant case, Plaintiff's action is based on a promissory note executed by the Cowetts and secured by a security interest in a two-third share in 130 acres of soybeans and a 1972 John Deere combine. Plaintiff alleges that the Cowetts defaulted on the note and that the soybeans used as security for said note were sold to Clarksville Grain and the proceeds from the sale disbursed to John Deere and Blair. Plaintiff brings the instant action seeking a judgment against the Cowetts for the full amount of the note, $15,215.59, and against Clarksville Grain, John Deere and Blair to recover the proceeds of the sale of the soybeans. Plaintiff contends that the case should be remanded as there is not a sufficient amount in controversy with respect to John Deere. John Deere opposes the motion to remand on the basis that the amount in controversy is the total value of the soybeans sold to Clarksville Grain, $10,948.27, and that such amount is in excess of the required jurisdictional amount under 28 U.S.C. § 1332.

The Court concludes that John Deere's argument that the amount in controversy is the total value of the soybeans sold to Clarksville Grain is misplaced. An examination of Plaintiff's complaint reveals that the Cowetts secured their note to Plaintiff by giving it a security interest in a two-third share of the soybeans. When the soybeans were sold to Clarksville Grain, it issued three checks in full payment thereof. One check, for a third of the proceeds, was issued to Lester Boden; the other two checks, for two-thirds of the proceeds, were issued to R. B. Cowett and subsequently conveyed by that party to John Deere and Blair. Plaintiff makes no claim to the proceeds issued to Boden. Rather, it claims that it is entitled to the two-thirds of the proceeds issued to Cowett. It prays for a judgment against Clarksville Grain for $7,298.84, the aggregate amount of proceeds Clarksville Grain issued to Cowett, or in the alternative, against John Deere and Blair for the amount of the proceeds each received.

Upon consideration of the Plaintiff's complaint, the Court concludes that although Plaintiff's claim against the Cowetts amounts to more than the jurisdictional minimum, the Court is without jurisdiction over the claims involving the remaining Defendants which amount to less than the jurisdictional minimum. The right of Defendants Clarksville Grain, John Deere and Blair to aggregate the claims against them with the claim against the Cowetts for the purposes of removal is not available in this case. The alleged liability of the Cowetts is separate and distinct from the liabilities of the remaining Defendants. Accordingly,

each claim, standing alone, must satisfy the jurisdictional amount requirement, and aggregation is not permissible. And, as the Court does not have jurisdiction on removal of Plaintiff's claim against the Cowetts, the Court is not entitled to take ancillary or pendent jurisdiction over those claims which involve less than the jurisdictional minimum. *See* Annot., Federal District Court's Jurisdiction Over Claim Not Exceeding Minimum Jurisdictional Amount, Where Such Claim is Asserted in Same Action as Claim Exceeding Minimum Jurisdictional Amount, 2 A.L.R.Fed. 855 (1969).

In view of the foregoing, the Court concludes that it is without jurisdiction of this action; that removal of the action to this Court was improvident; and that the case should be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Plaintiff's Motion to Remand is sustained and the Court remands this case to the District Court of McCurtain County, Oklahoma. The Clerk will immediately effect the remand of the case as provided by the above law.