CANAL INSURANCE COMPANY, South Carolina Corporation, Petitioner,

v.

OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation, Respondent.

No. CIV–78–0269–D.

United States District Court, W. D. Oklahoma.

Aug. 31, 1978.

Calvin W. Hendrickson, Oklahoma City, Okl., for petitioner.

Michael C. Stewart, Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a declaratory judgment action to determine the rights, duties and liabilities

of Petitioner Canal Insurance Company (Canal) and Respondent Occidental Fire & Casualty Company of North Carolina (Occidental) under the provisions of certain insurance policies issued by the parties. It appears from the record before the Court that Canal issued a liability insurance policy to one Rex Branson (Branson) and Occidental issued a similar policy to one Allen R. Simpson d/b/a Sooner Feed and Grain, Inc. (Sooner). Thereafter, while Branson was hauling hay for one Tony McGee (McGee) in a truck owned by Sooner, Branson and the Sooner truck were involved in an accident with a car. Canal made a formal demand that Occidental assume the defense of and pay any judgment rendered against Branson and Occidental refused this demand. Later, the owner and occupants of the car brought an action against Branson and McGee in the District Court of Logan County, Oklahoma, which resulted in a judgment against Branson and McGee in the amount of $11,571.90 plus costs of $48.00 and apportioned negligence between Branson and McGee at 80% and 20% respectively. The plaintiffs in the Logan County case then brought garnishment proceedings against Canal who subsequently caused a garnishee summons to be served on Occidental and sought to interplead Occidental as Canal alleged that Occidental's policy provided the primary coverage of Branson. Thereafter, Occidental filed its garnishee's answer and an amended garnishee's answer wherein it specifically denied any indebtedness or liability to either Branson or McGee as well as liability as a garnishee. No notice of election to take issue with either of Occidental's answers was ever made by Canal prior to Canal's dismissal of its garnishee summons against Occidental approximately six months after it was filed. Canal then brought this action for declaratory relief and asserts that the Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, Occidental has filed herein a Motion to Dismiss wherein it seeks dismissal of this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, Occidental seeks summary judgment. Said Motion is supported by a Brief, an affidavit and numerous exhibits. Canal has filed a Brief in opposition to said Motion and Occidental has replied thereto.

In support of its Motion to Dismiss for lack of subject matter jurisdiction, Occidental contends that the total amount presently owing on the judgment against Branson is $11,619.90; that under Oklahoma law, Branson is only liable for 80% of this amount or $9,295.92; and that the Court therefore lacks subject matter jurisdiction as the amount in controversy herein does not exceed $10,000.00.

In its Brief in opposition to Occidental's Motion, Canal contends that the amount in controversy in this case exceeds $10,000.00 as Canal is entitled to recover from Occidental the $9,295.92 of the judgment and costs that Branson is liable for plus an additional $2,924.36 Canal incurred as attorney fees, costs and expenses in defending Branson in the state court action.

■ For there to be a sufficient jurisdictional amount present in this case, all that is required in the allegations of Canal's "Petition for Declaratory Judgment" is that the matter in controversy exceeds, exclusive of interest and costs the sum of $10,000.00. 28 U.S.C. § 1332(a). Ordering the dismissal of an action for lack of jurisdictional amount must be based upon a "legal certainty" that the claim is for less than the requisite jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Wheel Horse Sales, Inc. v. Spence*, 566 F.2d 679 (Tenth Cir. 1977); *City of Boulder v. Snyder*, 396 F.2d 853 (Tenth Cir. 1968), *cert.*

*denied*, 393 U.S. 1051, 89 S.Ct. 692, 21 L.Ed.2d 693 (1969).

In the instant case, Canal alleges that the insurance coverage provided by Occidental was the primary coverage for the liability of Branson and Canal's coverage was secondary and excess thereto. Thus, Occidental is alleged to have had the primary duty to defend Branson in the state court action. In view of *Laubach v. Morgan*, 588 P.2d 1071 (Okl.1978), it appears that the maximum amount of the judgment against Branson that either Canal or Occidental may be liable for is $9,295.92. Therefore, if Canal is not entitled to recover from Occidental the $2,924.36 claimed as attorney fees, costs and expenses incurred in defending Branson, then there is an insufficient amount in controversy herein to give the Court diversity jurisdiction of this action. In this connection, it is clearly established that no right of contribution for the costs of defending an insured exists between primary and secondary insurers of the same insured absent a specific contractual right. *United States Fidelity and Guaranty Co. v. Tri-State Insurance Co.*, 285 F.2d 579 (Tenth Cir. 1960); *Thurston National Insurance Co. v. Zurich Insurance Co.*, 296 F.Supp. 619 (W.D.Okl. 1969); *see also West American Insurance Co. v. Allstate Insurance Co.*, 295 F.2d 513 (Tenth Cir. 1961). As the record herein fails to indicate that Canal had a contractual right of contribution from Occidental, the Court finds and concludes that the above cited cases preclude Canal from recovering from Occidental the $2,924.36 claimed as attorney fees, costs and expenses incurred in defending Branson. Accordingly, the amount in controversy in this case does not exceed $10,000.00 to a legal certainty under the applicable Oklahoma law and Occidental's Motion to Dismiss for lack of subject matter jurisdiction should be granted and Canal's action dismissed without prejudice.

It is so ordered this 31st day of August, 1978.